85   908
100   673

## Richmond.

### GRAYSON V. GEORGE AND ALS.

#### March 14th, 1889.

1. VOLUNTARY CONVEYANCES—*Creditors' suit—Case at bar.*—Where husband sells his wife's bank stock (not her separate estate), and with proceeds pays three-fifths of the price of land sold and conveyed jointly to him and his father, and the latter, paying the residue, conveys, by deed on its face for only a good consideration, his moiety to son's children, the conveyance is wholly voluntary, and his moiety liable to his creditors.

2. IDEM—*Resulting trust—Case at bar.*—In such case, husband having thus reduced wife's bank stock into his possession, it became his, and for the excess over one-half father sues son, and wife has no interest in the land by resulting trust.

3. WITNESSES—*Competency—Case at bar.*—Where the children of witness (and not his wife) are beneficiaries in conveyance assailed by grantor's creditors as voluntary, he is competent in the children's behalf.

Appeal from decree of circuit court of Culpeper county, rendered July 7, 1887, in a cause styled "John C. Grayson, complainant, against Cumberland George's Executor and others, defendants." The decree being adverse to the complainant, he appealed. Opinion states the case.

*A. McD. Green, G. D. Gray,* and *J. F. Rixey,* for the appellant.

*J. G. Field,* for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The facts disclosed by the record are as follows, viz: Cumberland George was a resident of Culpeper county, Virginia,

and, in August, 1863, was seized and possessed of a considerable real and personal estate. His realty consisted of a farm of about six hundred and sixty-three and one third acres of land on which he resided, and of which he was the sole owner, in fee; and also of an undivided moiety of another tract in the said county of Culpeper, containing three hundred acres and called the " Petty Tract," which had been purchased by the said Cumberland George and his son, Williamson C. George, jointly.

On the 18th day of August, 1863, the said Cumberland George made his two deeds, in which his wife, Annie S. George, united; and on that same date he made his last will and testament.

By one of the said deeds he, in consideration of one dollar, and of natural love and affection for his children thereinafter named, granted, with general warranty, to his son, John W. George, the said tract of six hundred and sixty-three and one-third acres, with power to sell and convey the same; the proceeds to be divided equally among the said John W. George, in his own right; William A. Herndon, as trustee for Elizabeth Herndon and her children; and the said John W. George, as trustee for M. Elizabeth George (wife of Williamson C. George) and her children; with the proviso—" But before the division of the proceeds of sale of land is made, the said John W. George is directed to pay all debts due by said Cumberland George."

By the other deed, of the same date, said Cumberland George and wife, in consideration of one dollar, and of natural love and affection to his grandchildren thereinafter named, grant, with general warranty, to (it is not stated to whom) the undivided interest of the said Cumberland George in the Petty farm, bought by said C. George and Williamson C. George, which interest is one-half of the land, in trust, that the said John W. George shall hold the land for the use and benefit of the children of Williamson C. George, with power to sell, etc.

On the same day said Cumberland George made his will, by which, after payment of debts and expenses, he gives his widow

the interest on $12,000 of Confederate bonds for her life; and he gives the residue of his property and the remainder in the principal of the $12,000 Confederate bonds to his children, John W. George, Elizabeth Herndon, and M. Elizabeth George (wife of Williamson C. George) and her children by Williamson C. George; which said share of said M. Elizabeth George, and her children, is to be held by John W. George in trust for them upon the same trusts as declared in the deed aforesaid for their benefit.

The said deeds of August the 18th, 1863, were duly recorded in the clerk's office of the county court of Culpeper county 19th of August, 1863. Between the 18th of August and October, 1863, Cumberland George died. His said will was admitted to probate on the 19th of October, 1863, in the county court of Culpeper; and John W. George qualified as sole executor, giving bond and security as such. At May rules, 1869, John C. Grayson (the appellant here) filed his bill in the circuit court of Culpeper, claiming a debt of $1,500 and interest, as owing by the said Cumberland George at and before the date of the said deeds of August, 1863, and which, subject to certain credits, was then unpaid, due and owing by the said George's estate to the said Grayson. The bill charged that said debt was a lien on the entire realty of the said Cumberland George, and every part of it, in the hands of his grantees, devisees, and heirs—charging that the said deeds of August, 18th, 1863, were voluntary deeds, and not valid against the then existing indebtedness of the said Cumberland George; and charging that said John W. George had executed his bond as executor in the penalty of $60,000, with Edward Hill, John S. Turner and Zephaniah Turner as his sureties. The bill charges that the said executor, John W. George, is wholly insolvent, and had wasted the entire estate, except the said undivided moiety of the Petty farm, which yet remains. That William A. Herndon, as trustee for his said wife, Elizabeth Herndon, and children, had invested the proceeds of her share of the six hundred and sixty-

three and one-third acre farm, which had been sold, in land in Buckingham county; and that the said half of the Petty farm and said investment in the Buckingham land were all the remnant of Cumberland George's estate in the hands of his devisees; and the bill prays that these said two parcels of land be subjected to the payment of the said debt due by said Cumberland George before the date of the said deeds of August 18th, 1863. All the parties interested—the executor and his sureties, the sons and their wives, the daughter and her husband, and their children, are made defendants. None of the said defendants answered, except the guardian *ad litem* of the infants; and the cause coming on to be heard upon the bill taken for confessed as to the adults, and on the answer of the infants by guardian *ad litem*, a decree was entered the 11th of June, 1869, directing an account: 1. Of the administration of John W. George as executor of the will of Cumberland George, deceased. 2. Of the assets of the estate, other than any balance due by the executor. 3. Of the plaintiff's debt, and of all other outstanding debts due by the estate of Cumberland George, deceased, and their priorities. 4. Of the disposition made by John W. George of the proceeds of the six hundred and sixty-three and one-third acre farm, called the "Bell Tract." 5. Of the value and annual value of the moiety of the Petty tract. 6. Of the money received by W. A. Herndon, for Elizabeth his wife, from the proceeds of sale of the Bell tract, and his disposition of it.

The commissioner reported, October 13th, 1879, that the executor, John W. George, had appeared before him and stated that he had settled up, years before, his executorial account of the small personal estate, and had fully administered, except as to two bonds due the estate, which were worthless, and he had no further account to settle. The commissioner does not, nor does any one, file any copy of the said alleged settlements of the executor, nor of his account as trustee for Mrs. M. Elizabeth George and children, which, also, he alleged he had settled.

The commissioner reports the debt of the complainant, Grayson, at $1,035, with interest on $500 part thereof from November 1st, 1879, which, with the other debts reported as due by the estate, aggregated in all $3,275.30 on November 1st, 1879. He also reports the value of the half of the Petty farm at $900, and its annual value at $75; also that William A. Herndon received $20,000, Confederate money, as his wife's share of the proceeds of sale of the Bell tract, and that he had invested $10,000 of this in a tract of land in Buckingham county which he held, and which was valued at $560, and its annual value at $50. This report was recommitted, and was re-reported without change October 27th, 1880.

On the 27th of March, 1883, leave was granted to Williamson C. George and his wife, Z. T. George, James A. Flint and Sally C., his wife, Henry H. George, Lucy A. George, Millie C. George, and to C. J. Rixey, administrator of W. A. Herndon, and C. J. Rixey and Elizabeth, his wife, and C. George Herndon, to file their answers. An answer was filed 27th March, 1883, reciting it to be the answer of Williamson C. George and M. Elizabeth, his wife, Zeph. T. George, J. A. Flint and Sally C., his wife, Henry H. George, Lucy A. George, and Millie C. George, but which was signed and sworn to by Williamson C. George only; and, therefore, the answer of said Williamson C. George only, and not sworn to till on June 4th, 1884, nearly fifteen months after it was filed. The bill remains confessed as to all the other adult defendants.

In his said answer the said Williamson C. George admits that the deed of the 18th of August, 1863, for the undivided half of the Petty farm is, on its face, a voluntary deed; but he avers *affirmatively* that it was not *wholly* voluntary, because, as he avers, Cumberland George and he, W. C. George, had bought the whole tract of three hundred acres for $2,500, of which the sum of $1,500 was paid in cash, which was made from the funds of his wife, M. Elizabeth George, derived from the estate of her father, Zephaniah Turner, Jr., of Rappahannock county, and

was raised by sale of bank stock, the property of his said wife, M. Elizabeth George. That at the time of the said purchase of the Petty farm, the said Cumberland George and Williamson C. George were farming, in partnership, the said Bell tract of six hundred and sixty-three and one-third acres belonging to said Cumberland George; and they, thence on, farmed the Petty farm in partnership also; and the residue of the purchase-money for the Petty tract was paid by C. George and Williamson C. George from the joint partnership profits of the said two farms. He admits that, *technically*, his wife, the said M. Elizabeth George, did not have a separate estate in the property derived from her father's estate, but that some portions of it were not actually reduced into possession by him, but had been set apart by him and regarded as her separate estate; and that, on the 18th of August, 1863, when the said deed for the undivided moiety of the Petty farm was made, the said Cumberland George was indebted in the sum of $1,500 of respondent's property taken and applied as the cash payment on the Petty farm.

The only evidence in support of the affirmative allegations of this answer of Williamson C. George, is the deposition of the respondent, Williamson C. George himself, taken June 2d, 1885. The estate accounts of the executor of the will of Cumberland George, deceased, are not filed; the books of Cumberland George are not put in evidence; nor are the inventory or other evidence of the derivation of any bank stock, or other property, by Mrs. M. Elizabeth George from the estate of her father, Zephaniah Turner, Jr., deceased, or from any other source, put in evidence. The deposition of W. C. George is excepted to on the ground that he is incompetent to testify on behalf of his wife.

On the 6th of June, 1885, the circuit court rendered a decree sustaining the exception to the competency of Williamson C. George as a witness, confirming reports of the commissioner and directing the sale of the undivided moiety of the Petty farm, allotted theretofore to the grantees in the deed from C.

George of August 18th, 1863; and also directing the sale of William A. Herndon's interest in the Buckingham farm. The moiety of the Petty farm was sold, reported, and sale confirmed by a decree of 12th of September, 1885, but without prejudice to the right of defendants to petition for a rehearing; the proceeds of sale to be deposited in bank at Alexandria, or to be loaned out on good security.

A petition was filed for a rehearing, and the circuit court reheard the cause; and, by its decree of July 7th, 1887, it reversed the former decree, and overruled the exception to Williamson C. George's competency as a witness, and adjudged that the deed of Cumberland George of August 18, 1863, for the Petty farm was for valuable consideration, and that the proceeds of the sale of the said moiety passed to the children of the said Williamson C. George; and, on their request, directed the same to be invested in a home for their mother. And it ordered that John C. Grayson, who had borrowed the fund—$790.69—should pay it at once.

From this decree John C. Grayson has taken this appeal.

We are of opinion that this decree complained of should be reversed, so far as it adjudges that the deed of Cumberland George of August 18th, 1863, for the moiety of the Petty farm was founded on a valuable consideration, and that the said moiety or its proceeds shall pass to the grantees in the said deed, and is not liable for payment of Cumberland George's debts owing at the date of the said deed.

The court did not err in sustaining the competency of Williamson C. George as a witness in the cause. The gift of the moiety of the Petty farm was not to the wife of the witness; nor does she take any interest under or by virtue of that deed, in law or in equity; the children are the only beneficiaries in that deed, and their father, the witness, is competent to testify in their behalf. His *credibility*, only, can be affected by his relation to the beneficiaries, or by his own interest.

The debt claimed and sued for by the complainant, Grayson,

is not contested. The sole controversy is as to whether the said deed of 18th of August, 1863, for the said moiety of the Petty farm was voluntary or not, and whether said moiety is, or is not, liable in the hands of the grantees for the debts of Cumberland George, the grantor, existing at the date of the said deed. The said deed is, on its face, undoubtedly a voluntary deed of gift for a good, but not for a valuable consideration; and as such it cannot protect the said moiety, in the hands of the grantees in the deed, from liability, as assets of the grantor's estate, for payment of his creditors existing at the date of the deed.

There is nothing to disprove the voluntary character of the said deed but the deposition of the witness, Williamson C. George. There is no denial of it but in his answer, and that by an affirmative averment. It is confessed by every other party, who alone have any interest. All are silent; and even Mrs. M. Elizabeth George says nothing—by answer or by deposition—though she would have been competent to testify for or against her children. The answer which recites that it is the answer of all is signed only by W. C. George, and is not even sworn to for fifteen months after it was filed. He is the only respondent. And if full belief be given to the answer and the deposition of Williamson C. George, it amounts to nothing. He says that Cumberland George, his father, and he were working the land of Cumberland George in partnership; and that, while so engaged, they bought the Petty farm jointly, and thereafter they worked that also in *partnership*.

The Petty farm cost $2,500; a cash payment of $1,500 was made on it, which sum is alleged to have been raised by the sale of bank stock inherited by Mrs. M. Elizabeth George from her father's estate (there is no proof of this from the record of the court in which her father, Zephaniah Turner, Jr.'s, estate was settled and distributed); but be it all so, the answer says this $1,500 was paid by W. C. George; he reduced the bank stock into possession, and it became his, and with it he paid the half of the $2,500—$1,250—and $250 over. Thus the one

moiety became W. C. George's own; and Cumberland George, according to the respondent and witness, became thereby indebted not to Mrs. W. C. George, but to W. C. George himself in this excess of $250, and the remaining $1,000 was paid out of the partnership profits of the two farms. There is no settlement of the partnership accounts, and nothing to show whether or not this $250, the personal debt of Cumberland George to his partner, W. C. George, was or was not paid off in the partnership transactions. If it never was so paid off, arranged, or satisfied, it was simply a debt due by Cumberland George's estate like the others reported. But the presumption is against it. The witness testifies and answers that his father was a most careful, prudent man, accurate in his accounts and anxious to settle with his children on terms of equality and justice; yet he disposes of this moiety as his own, and is careful to say expressly that his interest in the Petty tract is one undivided half; and he gives it to his grandchildren by a voluntary deed.

The executor and trustee has wasted the estate, and W. C. George and his wife and children have stood by and permitted it; their share of the six hundred and sixty-three and one-third acre "Bell tract" was charged with the debts of the grantor; they got their one-third, so expressly charged, without paying appellant's debt or any other. The deed is plainly voluntary on its face. There is nothing in the fact (if it were a fact) that Cumberland George owed W. C. George $250, a personal debt, to convert this deed for said moiety into a deed for a valuable consideration to the children of W. C. George. The said moiety of the Petty farm and the Buckingham land, in which Elizabeth Herndon's money was invested, are still liable to pay the debt of appellant and other creditors, if any, though it does not appear whether the other debts reported were paid or not; those creditors seem not to be claiming anything in this suit.

The decree complained of is erroneous, and must be reversed and annulled, and the appellant recover his costs in this court. And the cause will be sent back to the circuit court of Culpeper

county for a decree that the Buckingham land be sold, and the proceeds of it and of the Petty tract, already sold, be applied to the payment of the complainants' costs below, and of the debt of appellant, Grayson, and of such other debts as may be ascertained to remain unpaid.

DECREE REVERSED.